UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEPTUNE WELLNESS SOLUTIONS, INC. AND SUGARLEAF LABS, INC., <br><br> Petitioners, <br><br> -and- <br><br> PMGSL HOLDINGS, LLC AND PETER M. GALLOWAY <br><br> Respondents. | 1:24-cv-117 |

**RESPONDENTS PMGSL HOLDINGS, LLC AND PETER M. GALLOWAY'S NOTICE OF REMOVAL AND PETITION**

**PLEASE TAKE NOTICE THAT** pursuant to 9 U.S.C. § 205, Respondents PMGSL Holdings, LLC ("PMGSL") and Peter M. Galloway ("Galloway") hereby remove this action from the Supreme Court of the State of New York, County of New York (the "N.Y. Supreme Court") (Index no. 655800/2023), to the United States District Court for the Southern District of New York.  In support of the Notice of Removal, PGMSL/Galloway state as follows:

**I.   PROCEDURAL HISTORY AND PETITIONERS' ALLEGATIONS**

1.     Petitioner Neptune Wellness Solutions, Inc. ("Neptune"), is organized under the laws of Quebec, Canada, and "has its principal place of business in Laval, Quebec," Canada. Pet. ¶ 11.

2.     Petitioner Sugarleaf Labs, Inc. ("Sugarleaf") is a Delaware corporation. Petitioners Neptune and Sugarleaf are referred to collectively herein as "Petitioners."

3.     Respondent PMGSL is a limited liability corporation organized in North Carolina. PMGSL's principal place of business is Vilas, North Carolina with its registered office in

Hickory, North Carolina.  Respondent Galloway owns Respondent PMGSL.  Respondents Galloway and PMGSL are referred to collectively herein as "Respondents."

4. Respondent Galloway is currently a resident and citizen of the State of Florida.  For all times relevant to the Arbitration (see ¶ 6, below), Galloway was a resident and citizen of the State of the North Carolina.

5. On October 2, 2020, Petitioners and Respondents commenced arbitration against each other pursuant to an arbitration agreement (the "Arbitration Agreement") in an Asset Purchase Agreement ("APA").  The Arbitration Agreement provides in relevant part that:

> All disputes, Claims, controversies, disagreements and Actions relating to this Agreement and any of the Ancillary Documents (each, a "Dispute") shall be fully and finally settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the "AAA") (as such rules are amended from time to time) …
>
> (e) the arbitration shall take place in New York, New York; …
>
> (h) the arbitration award shall be given in writing and shall be final and binding upon the Parties, not subject to any appeal, and shall deal with the question of costs of arbitration, including the determination of which party shall bear them or in what proportion they should be borne by them, and all matters related thereto; and
>
> (i) judgment upon the award rendered may be entered in any court having jurisdiction, or, application may be made to such court for a judicial recognition of the award or an order of enforcement thereof, as the case may be.

APA ¶ 11.14 (Arbitration Agreement).   By its terms, the APA was governed by Delaware law.  APA ¶11.13.

6. An arbitration ("the Arbitration") was conducted under the auspices of the international arm of the AAA, the International Centre for Dispute Resolution ("ICDR"), and on August 23, 2023, the duly appointed arbitrator rendered a Final Award (the "Arbitration Award").

7. On November 20, 2023, Petitioners petitioned the N.Y. Supreme Court to vacate the Arbitration Award on the ground of manifest disregard of the law (Petitioner's "Petition to Vacate" or "Pet."). According to Affidavits of Service filed by Petitioners in the N.Y. Supreme Court action, on December 6, 2023, Respondent PMGSL, and then on December 8, 2023, both Respondents, were served by Petitioners with the Notice of Petition, the Petition, the Affirmation of Patrick G. Broderick, Esq. in Support of Petitioners' Verified Petition to Vacate Arbitration Award with Exhibits A-I, Request for Judicial Intervention, the Commercial Division Request for Judicial Intervention Addendum, the NYSCEF Confirmation Notice, and a Notice of Electronic Filing. *See* documents served on Respondents attached hereto as **Exhibits A-N**; and Affidavits of Service, N.Y. Supreme Court Docket Nos. 16-17, attached hereto as **Exhibits O, P and Q**.[1]

8. Petitioners and Respondents both advanced claims in the Arbitration. Petitioners and Respondents also both sought to recover their costs of Arbitration, including attorney fees. The arbitrator denied all of Petitioners' claims for alleged breach of contract. The arbitrator granted Respondents' relief in relation to two of three of their claims. In addition to awarding damages to Respondents, the arbitrator found that Respondents were the prevailing party, and awarded Respondents two-thirds of their attorney fees and associated expenses, costs and other disbursements, as well as two-thirds of fees and costs of the ICDR and arbitrator compensation.

9. In their Petition to Vacate "Petitioners do not seek a redetermination of any of the arbitrator's liability findings." **Exhibit B** (Petition to Vacate) at ¶ 6. Petitioners argue, however,

---

[1] The registered agent for Respondent PMGSL received the service documents on December 6, 2023.

that Respondents were not the prevailing party pursuant to the meaning of that term under New York law, and that therefore, the fees and costs awarded to Respondents were "excessive." *Id.*

10. Petitioners state in their Petition to Vacate that "courts are obligated to give deference to the decision of the arbitrator even if the arbitrator misapplied the substantive law." *Id.* at p.8 (quotations removed) (*citing Schiferle v. Capital Fence Co., Inc.*, 155 AD3d 122, 125 (4th Dept 2017). But Petitioners then argue that the arbitrator's "failure to appropriately reduce the attorneys' fees and costs was in a manifest disregard of the law." *Id.* at p.13. On that basis Petitioners seek to vacate the entire Arbitration Award (not only the $1,736,656.94 in fees and costs awarded to Respondents).

11. Trial has not commenced in this action.

## II. GROUNDS FOR REMOVAL

12. The Arbitration Agreement and Arbitration Award fall within the scope of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), which is implemented in Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§201-208 (the "FAA"). Therefore, this action is subject to removal under 9 U.S.C. §205.

13. 9 U.S.C. §202 provides that:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title [9 USCS § 2], falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202.

14. "The Second Circuit has established a four-pronged test to determine whether the New York Convention applies: '(1) there must be a written agreement; (2) it must provide for arbitration in the territory of a signatory of the convention; (3) the subject matter must be commercial; and (4) it cannot be entirely domestic in scope'." *Shenzhen Zongheng Domain Network Co., LTD v. Amazon.Com Servs. LLC*, No. 23-cv-03334 (JLR), 2023 U.S. Dist. LEXIS 137307, at *8 (S.D.N.Y. Aug. 4, 2023) (*quoting Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 92 (2d Cir. 1999)).

15. The Arbitration Award at issue here clearly falls under the Convention. The Arbitration Agreement is written. Canada and the United States—where the arbitration was conducted—are signatories to the Convention. And the APA is a commercial agreement.

16. Further and importantly, Petitioner Neptune is a Canadian company with "its principal place of business" in Canada. **Exhibit B** (Petition to Vacate) at ¶ 11. The Second Circuit Court of Appeals has repeatedly held that the Convention applies to awards involving a non-U.S. party. *See, e.g.*, *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) ("The New York Convention applies in this case because [petitioner] Scandinavian is a foreign corporation"); *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997).

17. 9 U.S.C. § 205 provides that where, as here, a litigation involves an award governed by the Convention, it is subject to removal to this Court:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section

>   need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title [9 USCS §§ 1 et seq.] any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

9 U.S.C. § 205.

18. The aforesaid provisions supply the basis for removal to this Court. This action is also removable – and this Court has jurisdiction – on two other grounds. First, there is complete diversity between Petitioners, who are incorporated and maintain principle places of business in Canada and Delaware, and Respondents. Respondent PMGSL is incorporated in North Carolina, which is also its principle place of business. Respondent Galloway is a citizen and domicile of Florida. This action is therefore removable pursuant to this Court's diversity jurisdiction. 28 U.S.C. § 1332; *see also* Local Rule 81.1.

19. Likewise, application of the Convention and the FAA to the Award preempt any state law applicable to its vacatur or enforcement. The application of the Convention and FAA raise federal questions, justifying removal. 28 U.S.C. § 1331.

### III.  THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

20. Removal is timely because it is made within 30 days of service on December 8, 2023, and prior to trial. The venue is proper because this district embraces the location of the New York State Supreme Court where this action is pending. 9 U.S.C. § 205.

21. This Court has original jurisdiction over this action under 9 U.S.C.S. § 203, 28 U.S.C. §1331 and 28 U.S.C. § 1332. The amount in controversy, to the extent applicable, is at least $1,678,046.60 (*see* Pet. ¶ 30), which is in excess of $75,000. 28 U.S.C. § 1332(a).

6

## IV. NON-WAIVER OF DEFENSES

22. By removing this action from New York State Supreme Court, Respondents do not waive any defenses available to them.

23. By removing this action from New York State Supreme Court, Respondents do not admit any of the allegations in Petitioners' Petition to Vacate.

**WHEREFORE,** Respondents remove the above-captioned action from N.Y. Supreme Court to the United States District Court for the Southern District of New York.

Dated:  January 8, 2024
        New York, New York

Respectfully submitted,

DRAPER & DRAPER LLC

By: /s/ Matthew E. Draper

Matthew E. Draper
Corinne E. Atton
100 Park Avenue, Suite 1600
New York, New York 10017
Tel: (347) 442-7788
matthew.draper@draperllc.com

*Attorneys for Respondents
PMGSL Holdings, LLC
and Peter M. Galloway*